UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MS. RACHAEL SCHAAR,<br>204 West Main Street, Apt. #5<br>Bath, PA 18014<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LEHIGH VALLEY HOSPITAL, INC.<br>Cedar Crest Boulevard & Interstate 78<br>Allentown, PA 18105<br><br>and<br><br>LEHIGH VALLEY HOSPTIAL AND<br>HEALTH NETWORK,<br>Cedar Crest Boulevard & Interstate 78<br>Allentown, PA 18105<br><br>and<br><br>MUHLENBERG PRIMARY CARE, P.C.<br>2649 Schoenersville Road, Suite 201<br>Bethlehem, PA 18017<br><br>　　　　Defendants. | No.<br><br><br><br><br><br><br><br>**JURY TRIAL<br>DEMANDED**<br><br>FILED<br>OCT 2 2007<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

## COMPLAINT

Ms. Rachael Schaar ("Plaintiff"), by her attorneys, Hahalis & Kounoupis, P.C. complains against Lehigh Valley Hospital, Inc. ("LVI"), Lehigh Valley Hospital and Health Network ("LV Network"), and Muhlenberg Primary Care, P.C. ("Muhlenberg" and collectively, the "Defendants") as follows:

I. **Introduction**

1. This is an employment discrimination and retaliation action brought by Plaintiff to redress violations of her rights under the Family & Medical Leave Act, 29 U.S.C. § 2601 et. seq. ("FMLA"). Defendants discriminated and retaliated against Plaintiff based on her serious health condition by refusing her reasonable medical leave and discharging her from her employment in violation of FMLA. By this action, Plaintiff seeks reinstatement to her employment, back pay, front pay as appropriate, compensatory damages, punitive damages, and costs and attorneys' fees.

II. **Parties**

2. Plaintiff repeats and re-alleges each and every allegation of Paragraph 1 above.

3. Plaintiff is a female citizen of the Commonwealth of Pennsylvania who resides at an address of 204 West Main Street, Apartment #5, Bath, PA 18014.

4. Defendant LVH is a corporation incorporated under the laws of Pennsylvania that maintains a regular place of business at the intersection of Cedar Crest Boulevard and U.S. Interstate 78.

5. Defendant LV Network is a business wholly owned and operated by LVH which maintains a regular place of business at 1249 South Cedar Crest Boulevard, Allentown, PA 18103.

6. Defendant Muhlenberg is a professional corporation organized under the laws of Pennsylvania that maintains a regular place of business at 2649 Schoenersville Road, Suite 201, Bethlehem, PA 18017. At the time of the incident set forth herein, LVH wholly owned and operated Muhlenberg.

7. Defendants are a covered employer under the FMLA because they employ more than 50 employees within a 75-mile radius of Plaintiff's employment.

### III. Jurisdiction and Venue

8. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1 through 7 above.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 in that Plaintiff's claim involves federal questions arising under the Family & Medical Leave Act, 29 U.S.C. § 2601 et. seq.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claim arose out of acts and transactions that occurred in this District.

### IV. Facts

11. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1 through 10.

12. Plaintiff was an employee of Muhlenberg from December 2, 2002 unto October 3, 2005.

13. For approximately the last three years of her employment, Plaintiff worked as a Medical Office Specialist at the Muhlenberg Primary Care office, a division of LVH and LV Network.

14. As a Customer Care Representative, Plaintiff scheduled appointments, medical tests, and referrals and performed various other administrative duties.

15. Plaintiff's payroll checks were issued by LVH, as owner and operator of Muhlenberg.

16. On Thursday, September 21, 2005, Plaintiff felt ill and made an appointment with Doctor Twaddle of Muhlenberg.

17. Doctor Twaddle informed Plaintiff that she had a kidney infection, which required her to miss work for two (2) days.

18. The illness from the kidney infection resulted in Plaintiff suffering for a period of incapacity of four (4) consecutive calendar days.

19. Doctor Twaddle gave Plaintiff a note for her employer, indicating that she is unable to work for two (2) days.

20. Plaintiff informed Doctor Twaddle that there were no supervisors in the office for her to give the note.

21. Doctor Twaddle informed the Plaintiff simply to tape the note to her supervisor's door because if there was a problem the supervisor would come and see the doctor to discuss the situation.

22. Plaintiff taped the note to her supervisor's door as instructed by Doctor Twaddle.

23. On Tuesday, October 3, 2005, Plaintiff reported to her work place at the usual time.

24. On that date, Plaintiff was called into her supervisor's office to be terminated for the bank deposit mistake and patient complaints.

25. Prior to October 3, 2005, Defendants never informed Plaintiff of any patients complaints.

26. Following her termination, Plaintiff applied for and received unemployment benefits over objections from Defendant.

27. Since her termination in October of 2005, Plaintiff has been underemployed at various positions.

## V. Causes of Action

### Count I
### Violation of the Family & Medical Leave Act

28. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1 through 27.

29. Plaintiff meets the definition of "eligible employee," pursuant to 29 U.S.C. § 2611(2).

30. Defendants have at least 50 employees at, or within, a 75-mile radius of Plaintiff's worksite and otherwise meets the definition of "employer," under 29 V.S.C. § 2611(4).

31. Plaintiff had a "serious health condition" under 29 D.S.C. § 2611(11).

32. Defendant violated the FMLA by refusing her reasonable medical leave and discharging her from her employment in violation of FMLA.

WHEREFORE, Plaintiff requests that this court:

A. Issue a permanent injunction requiring Defendants to reinstate Plaintiff to employment with Lehigh Valley Hospital with such retroactive promotions and benefits as Plaintiff would have been entitled had she not been terminated;

B. Award Plaintiff back pay with interest, as appropriate;

C. Award Plaintiff front pay as appropriate;

D. Award Plaintiff other damages;

E. Award Plaintiff costs, expenses, expert witness fees, and reasonable attorney's fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper.

HAHALIS & KOUNOUPIS, P.C.

By: _____
DAVID L. DERATZIAN, ESQUIRE
GEORGE S. KOUNOUPIS, ESQUIRE
JOSEPH R. MEISS, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff

Date: October 2, 2007